Rilla Huml
25 Medici
Aliso Viejo, CA 92656
Plaintiff, Pro Se
(949) 215-7777
dreamlife7@att.net

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RILLA HUML, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BROUGHAM REO OWNER LP, a foreign limited partnership based in NEW YORK county in DELAWARE; doing business as Prime Asset Fund III, an unknown entity; Prime Capital Advisors, LLC, an unknown entity; SERVIS ONE, INC., a Delaware corporation, authorized to do business in California, doing business as BSI FINANCIAL SERVICES; WILMINGTON SAVINGS FUND SOCIETY, FSB, a Delaware corporation, doing business, but not authorized to do business, as CHRISTIANA TRUST, in California, as Trustee, for BROUGHAM FUND I TRUST, an unknown entity; and Does 1 through 10,<br><br>Defendants. | CASE NO. 8:22-cv-00378-DOC-KES<br><br>Assigned to the Hon. David O. Carter<br><br>PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446<br><br>Hearing:   May 2, 2022<br>Time:       8:30 AM<br>Courtroom:  10A |

**TO THE HONORABLE COURT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that PLAINTIFF RILLA HUML hereby responds

to the Notice of Removal Action Pursuant to 28 USC § 1441(b) (Federal

Question) by Defendants SERVIS ONE, INC. d/b/a BSI FINANCIAL

SERVICES ("Servis One"); WILMINGTON SAVINGS FUND SOCIETY, FSB

d/b/a CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEES FOR BROUGHAM FUND I TRUST

("Wilmington");  and BROUGHAM REO OWNER, L.P.("Brougham")

(collectively, "Defendants") with this Motion for Remand to State Court

Pursuant to 28 U.S.C. § 1446.

## I.   <u>RELEVANT PROCEDURAL HISTORY</u>

This action was commenced in Superior Court February 10, 2022, and a

case schedule was issued on February 10, 2022  and entitled Huml v.

Brougham REO Owner, LP, under Superior Court Case Number

30-2022-01244882-CU-OR-CJC.   Defendant Servis One's Attorney ZBS Law

was notified of the case filing by email on February 10, 2022.   Defendants

Brougham REO Owner LP and Prime Asset Fund were notified of the case

filing by email on February 15, 2022.  Defendant Brougham REO Owner LP

was served on February 24, 2022.  Defendant Servis One was served on

February 24, 2022.  Defendant Wilmington was served on February 28,

2022.   Notice of appearance was made by an email from Blank Rome on

February 16, 2022, on behalf of  Servis One and Wilmington.

On March 10, 2022, Servis One filed its Notice of Removal Action Pursuant to 28U.S.C § 1332 (Diversification).  Plaintiff did not receive copy of the "Notice to Adverse Party of Removal to Federal Court" by email, or by mail, or any other form of legal notice.  On March 10, 2022, Plaintiff received an email from Alice Hodsden at Blank Rome, stating that the defendants removed the case to federal court.  The defendants refused to provide to Plaintiff a copy of the Removal Action upon request or copy of the "Notice to Adverse Party of Removal to Federal Court"upon request.  Plaintiff received notice of the case number at 9:30 AM on March 15, 2022, by notice of an ex parte motion from Alice Hodsden at Blank Rome.

Blank Rome, on behalf of Defendants Servis One, Wilmington and Brougham changed the case name of Plaintiff's case from Huml v. Brougham REO Owner, LP to Huml v. Servis One, in an effort to take over control of Plaintiff's case, and hide Plaintiff's new federal case number from Plaintiff and from recognition in the federal court database.

There are five named defendants, and there is no unequivocal, authorized consent to the removal by all defendants.  The removal was initiated by Blank Rome counsel for Servis One.   There was no valid joinder filed to consent to the removal by Brougham REO Owner LP, Wilmington Savings Fund Society, Prime Asset Fund, or Prime Capital

Advisors, LLC..

## II.  <u>REQUIREMENTS OF 28 U.S.C. § 1332</u>

Determining a corporation's principal place of business is important for the purposes of asserting diversity jurisdiction. Under 28 U.S.C.A. § 1332(c) "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Under the Hertz standard, a corporation can only have one principal place of business. But this does not preclude the corporation from being a citizen of multiple states. For example, when a corporation is incorporated in a different state than where its headquarters are located, it is a citizen and under the jurisdiction of both states.

In Americold Realty Trust v. ConAgra Foods, Inc, 577 U.S. (2016), the Supreme Court held that for the purposes of diversity jurisdiction, the citizenship of a trust is based on the citizenship of its members, which includes the beneficiaries as well as the trustees.  Because most trusts, including commercial trusts, are governed by state rather than federal law, these types of disputes are now heard almost exclusively in state court.

Here, Wilmington Savings Fund Society, FSB, a Delaware corporation, doing business, but not authorized to do business, as CHRISTIANA

TRUST, in California, as Trustee, for BROUGHAM FUND I TRUST, as a trust for the purpose of diversity jurisdiction must be based on the citizenship of all of its members of the trust and its beneficiaries, and claims agains such trust must be adjudicated in state court.

## III.   REQUIREMENTS OF 28 U.S.C. § 1446 AND 1447

28 U.S.C. § 1446 provides, in pertinent part:

> a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1447 provides, in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of

the State court. The State court may thereupon proceed with such
case.

This Motion for Remand has been filed within thirty days of removal; all

procedural and jurisdictional objections are timely.

## IV.   LEGAL STANDARDS GOVERNING REMOVAL

### A.   Federal Question Must be Disclosed Upon the Face of the Complaint; Plaintiff is the Master of the Complaint and May Eschew Federal Claims

Where, as here, federal jurisdiction arises as a result of a "federal

question," the question "must be disclosed upon the face of the complaint,

unaided by the answer or by the petition for removal." Gully v. First Nat'l

Bank in Meridian, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936)

(noting that the federal question cannot be "merely a possible or conjectural

one"). Thus the rule enables the plaintiff, as "master of the complaint," to

"choose to have the cause heard in state court" by eschewing claims based

on federal law. Calif. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 839 (9th

Cir. 2004). The well-pleaded complaint rule requires that federal question

jurisdiction not exist unless a federal question appears on the face of a

plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp.

v. Drain, 237 F.3d 366, 369-70 (4th Cir. 2001), citing Merrell Dow Pharm. Inc.

v. Thompson, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). The

Complaint in this matter asserts no federal claims.

In <u>Rains v. Criterion Systems, Inc.</u>, 80 F.3d 339, 344 (9th Cir. 1996), the

Ninth Circuit wrote:

> Raines chose to bring a state claim rather than a Title VII claim, and was entitled to do so. See Pan American Petro. Corp. v. Superior Court, 366 U.S. 656, 662-63, 81 S.Ct. 1303, 1307-08, 6 L.Ed.2d 584 (1961) (stating that "the party who brings a suit is master to decide what law he will rely upon") (quoting Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411-12, 57 L.Ed. 716 (1913)).  A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); see also Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1395 (9th Cir.1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim").

The Ninth Circuit held in Harris v. Provident Life & Acc. Ins. Co., 26

F.3d 930, 933-34 (9th Cir. 1994):

> Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); accord Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir.1988).

**B.   <u>In Absence of Federal Subject Matter Jurisdiction, Case will be Remanded; Remand Cannot be Waived, nor Federal Jurisdiction Created by Stipulation of Parties.</u>**

The right to secure a remand of the action to state court when there is

no federal subject matter jurisdiction basis for removing the action to a

federal court cannot be waived by either party.  Albingia Versicherungs

A.G. v. Schenker Int'l Inc., 344 F.3d 931 (9th Cir. 2003), as amended in other

respects 350 F.3d 916, cert. denied 124 S.Ct. 2162, 541 U.S. 1041, 158 L.Ed.2d

730 (2004).   Nor may parties confer jurisdiction over the subject matter of

an action on a federal court by consent. Parks v. Montgomery Ward & Co.,

198 F.2d 772 (10th Cir. 1952); Office of Hawai'ian Affairs v. Department of

Education, 951 F.Supp. 1484 (D. Hawaii 1996).

## C.   The Court Must Satisfy Itself that Federal Subject Matter Jurisdiction is Proper Before Making Rulings on the Merits.

The district court must be certain that federal subject matter

jurisdiction is proper before entertaining a motion by the defendant under

Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a

claim upon which relief may be granted. See, e.g., Akhlaghi v. Berry, 294

F.Supp.2d 1238 (D. Kan. 2003) (remanding, concluding it better practice to

rule on motion to remand before motion to dismiss for failure to state a

claim); Thompson v. Fritsch, , 966 F.Supp. 543 (D. Mich.1997)(must establish

removal jurisdiction before granting summary judgment); Ren-Dan Farms,

Inc. v. Monsanto Co., 952 F.Supp. 370 (D. La.1997) (must determine subject

matter jurisdiction before personal jurisdiction or venue); National Union

Fire Ins. Co. v. Liberty Mut. Ins. Co., 878 F.Supp.199 (D. Ala.1995). This

Court correctly deferred consideration of pending Motions to Dismiss until

removal jurisdiction could be established.

If the district court at any time determines that it lacks jurisdiction

over the removed action, it must remedy the improvident grant of removal

by remanding the action to state court. 28 U.S.C. § 1447; see, e.g. ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Because the existence of federal subject matter jurisdiction is a constitutional requirement, there is substantial case law to the effect that the district court may remand a removed case in which the lack of subject matter jurisdiction is discovered at any time prior to the entry of judgment. 28 U.S.C. § 1447. Although this motion is filed within thirty days to preserve procedural objections, any issues respecting jurisdictional infirmities remain open for consideration until entry of judgment.

**D.   The Burden of Establishing Removal Jurisdiction is On the Party Seeking Removal, Not the Party Seeking Remand to State Court.**

It is also well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction (here defendants  Servis One, Wilmington, and Brougham REO, not the party moving for remand to state court (here, Plaintiffs), to show that the requirements for removal have been met.  Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).   (*See,*

*e.g., Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996);  Duncan v. Stuetzle, 76 F.3d 1480 (9th Cir. 1996)).*

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Samuel v. Langham, 780 F.Supp. 424, 427 (N.D.Tex.1992); see also, Fellhauer v. Geneva, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch, 776 F. Supp. 437, 439 (E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." Albonetti v. GAF Corporation-Chemical Group, 520 F. Supp. 825, 827 (S.D.Tex.1981).

**E.   Removal Jurisdiction Cannot be Maintained Where the Federal Question is "Collateral," "Merely Possible," or "Attenuated"; The Federal Question Must be "Direct and Essential."**

Courts have articulated a number of formulations to determine whether a state claim depends on the resolution of a federal question to such an extent as to trigger subject matter jurisdiction. Is the federal question "basic" and "necessary" as opposed to "collateral" and "merely

possible?" Gully v. First Nat'l Bank, 299 U.S. 109, 118, 81 L. Ed. 70, 57 S. Ct.

96 (1936). Is the federal question "direct and essential" as opposed to

"attenuated?" Smith v. Grimm, 534 F.2d 1346 at 1346, 1350-51 (9th Cir.

1976).

It is a "long-settled understanding that the mere presence of a federal

issue in a state cause of action does not automatically confer federal-

question jurisdiction," Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478

U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); Lippitt v. Raymond

James Fin. Servs., 340 F.3d 1033, 1044-1045 (9th Cir. 2003).

An order remanding the case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the

removal.   A certified copy of the order of remand shall be mailed by the

clerk to the clerk of the State court. The State court may thereupon proceed

with such case.

## V.  SUMMARY OF GROUNDS FOR REMAND

### A. Procedural Grounds

#### 1. Complete Diversity of Citizenship Does Not Exist

29 U.S.C. Code 1441(b) Removal Based on Diversity of Citizenship,

(1) In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of defendants

sued under fictitious names shall be disregarded.  (2)A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here, complete diversity of citizenship does not exist because: (1) Plaintiff is a citizen of the State of California; (2) Defendant Servis One, d/b/a BSI Financial, operates a business office at: 1355 Willow Way, Ste. 215, Concord, CA 94520-6001  and another business office located at 7505 Irvine Center Dr., Irvine, CA 92618.  Defendant BSI Financial's counsel has take the lead in the Removal, and has added Wilmington and Brougham REO Owner as additional defendants for the removal.  (3) Servis One d/b/a BSI Financial's counsel, representing Servis One, Wilmington and Brougham REO Owner is Blank Rome, also located in California at the address of:  2029 Century Park East 6th Floor, Los Angeles, CA 90067. Counsel Alice Hodsden and Cheryl Chang perform the defendants', their clients', legal services solely from their Los Angeles California office.  (4) Servis One d/b/a BSI Financial holds California DBO Residential Mortgage Lending Act License No. 4130841.

## 2.  Removal Requires Unanimity Among Defendants

With respect to this Notice of Removal, Plaintiff was not properly noticed; in fact, all parties had not been served prior to the removal, and not one noticed and served defendant had answered the complaint prior to the removal.  Joint authorization for the removal was not obtained concurrently prior to the removal, with no averment of authority to do so appearing anywhere.   The mere assertion in the Notice of Removal fails as a matter of law; the Joinder likewise fails under the CR 11 signature requirements incorporated into 28 U.S.C. § 1446.

The procedural requirements for removal under 28 USC § 1446 are strictly enforced. These requirements include, inter alia, the unanimity requirement of joinder by all defendants, and the signature requirement created by express incorporation into § 1446 of FRCP 11. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case. The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively and unanimously to remove the case. See, e.g. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties. 28 U.S.C. § 1446(b)"). In Hewitt, this meant that both the police officer and his former employer, The City of Stanton, had to be named.

Counsel's argument that the City was just a nominal party was rejected and CR 11 sanctions were upheld.

In Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 641-647 (D. Miss., 2001), the court held that expiration of the 30-day period was fatal to the defendants' attempt to amend the notice of removal where, as here, there was not clearly expressed authority by the parties that the attorney for one could bind the other. The Smith court undertook a comprehensive and well-reasoned examination of the strict procedural requirements of unanimous joinder, which requirements include an unambiguous manifestation of consent by an authorized representative of each party. The incorporation of CR 11 into the removal statute emphasizes the requirement that each party be bound by its counsel of record. The full inclusion of the Smith court's analysis is too lengthy and the deletion of the rich body of supporting authority has been necessary, but key language provides:

> As a general rule, all defendants must join in a removal petition in order to effect removal. [Citations omitted.] ... [T]the case law firmly establishes this requirement, which is known as the "rule of unanimity." [Citations omitted.] Although it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served. 28 U.S.C. § 1446(b); Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir.1988)....

**[T]he reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 USC § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney.** Creekmore [v. Food Lion, Inc., 797 F.Supp. 505, 508 (E.D.Va.1992)] Fed.R.Civ.P. 11.

**"[T]he mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder."**

### 3.  <u>Joinder was Improperly Executed under FRCP 11</u>

FRCP 11 expressly requires the original signature of the "attorney of record." Under the controlling authority cited above, defendants' Notice of Removal and Joinder in Notice of Removal are defective as a matter of law.  There is neither any evidence of unequivocal election of removal jurisdiction by the party, nor even from any person purporting to act on its behalf with the apparent (or even claimed) authority to do so in the record during the relevant time period.

The Notice of Removal contains a mere assertion that all defendants "have joined" without evidence of authority – which has been held in Production Stamping, supra, 829 F. Supp. at 1076, to be legally insufficient. Here, just as in Production Stamping, there has been no allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendant to speak on its behalf on the removal issue. As in Smith, Sims, Baker, all cited supra, it is too late now to file such an

affidavit.

Federal Rule of Civil Procedure 11 is specifically jurisdictional here because it is incorporated into 28 USC § 1446. "[Every paper signed by] a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, ... each paper shall state the signer's address and telephone number, if any." FRCP 11. The Notice of Removal has been submitted on pleading paper of counsel for Servis One and purports to sign for additional separate defendants, Wilmington and Brougham REO Owner.  The only address given is that of counsel for Servis One, Blank Rome.   There is no Joinder submitted with Notice of Removal. No faxed signature is attached; no affidavit of authority is submitted.

   **4.  <u>The Federal Courts Should Decline Jurisdiction Where, as Here, the Issues Present Novel Issues of State Law Requiring Interpretation of California State Courts.</u>**

Title 28 U.S.C. §1367 instantiates the federal judicial policy that a district court decline to exercise supplemental jurisdiction over cases which present novel and complex issues of State law; where the district court has dismissed all causes of action over which it has original jurisdiction; where the State law claims predominate over those over which the district court has original jurisdiction.   This case implicates the California State Constitution and, ultimately, by certification or otherwise ought properly to

be considered by California State courts.

## V.  CONCLUSION

Plaintiff's Motion for Remand ought to be granted: the procedural defects justify remand; the presence of state law claims and absence of federal law claims justify remand.   The court should properly refrain from ruling on any substantive motions in the case until the threshold issue of federal court jurisdiction is resolved.

DATED :  March 30, 2022

By:  */s/ Rilla Huml*

Rilla Huml
*Plaintiff, Pro Se*

(949) 933-7075
dreamlife7@att.net

## DECLARATION OF RILLA HUML, PLAINTIFF

I, Rilla Huml, an individual, am a Plaintiff in the above-entitled action. I have read the foregoing Motion For Remand to State Court, and I know the contents thereof.

I have knowledge of all the facts contained in this Request, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

This Verification was executed at Aliso Viejo, California on March 30, 2022

Rilla Huml
Plaintiff, Pro Se

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am a resident of Aliso Viejo, State of California. I am over the age of 18 and not a party to the within action.  My address is: 44 Titian, Aliso Viejo, CA 92656

On March 30, 2022, I caused to be served the foregoing document(s): **Remand to State Court** on the interested parties in this action addressed and sent as follows by service and mail:


Brougham REO Owner, LP, and
Prime Asset Fund III, LLC
12425 Race Track Rd.
Tampa, Florida 33626

Prime Capital Advisors, LLC
13266 Byrd St #447
Odessa, Florida  33556

Servis One, D/B/A BSI Financial, INC
1425 Greenway Dr Ste 400
Irving, TX 75038

Wilmington Savings Fund Society
1100 N Market St., Ste 1300
Wilmington, Delaware  19801


✦  STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 30, 2022, at Aliso Viejo, California


By   Amir Oreyzei