```
BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Cheryl.Chang@BlankRome.com
Alice M. Hodsden (SBN 340796)
Alice.Hodsden@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants
SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES;
WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEES FOR
BROUGHAM FUND I TRUST; and BROUGHAM REO OWNER, L.P.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RILLA HUML, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BROUGHAM REO OWNER LP, a foreign limited partnership based in NEW YORK county in Delaware; doing business as Prime Asset Fund III, an unknown entity; Prime Capital Advisors, LLC, an unknown entity; SERVIS ONE, INC., a Delaware corporation, authorized to do business in California, doing business as BSI FINANCIAL SERVICES; WILMINGTON SAVZINGS FUND SOCIETY, FSB, a Delaware corporation, doing business, but not authorized to do business, as CHRISTIANA TRUST, in California, as Trustee, for BROUGHAM FUND I | Case No. 8:22-cv-00378-DOC-ADS;<br>Case No. 8:20-cv-00489-DOC-KES<br><br>*Assigned to the Hon. David O. Carter*<br><br>**DECLARATION OF ALICE M. HODSDEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>[*filed concurrently with Notice of Motion and Motion to Dismiss; Request for Judicial Notice, and [Proposed] Order*]<br><br>Date:　　　　May 2. 2022<br>Time:　　　　8:30a.m.<br>Location:　　Courtroom 10A<br><br>Complaint filed:　February 10, 2022<br>Trial Date:　　　None Set |

146035.01269/128563134V.1

**DECLARATION OF ALICE M. HODSDEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)**

| | |
|---|---|
| 1 | TRUST, an unknow entity; and Does 1 through 10. |
| 2 | |
| 3 | Defendants. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF ALICE M. HODSDEN

I, Alice M. Hodsden, do declare as follows:

1. I am a member of the Bar of the State of California and an associate in the firm Blank Rome LLP, counsel for Defendants SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES ("Servis One"); WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEES FOR BROUGHAM FUND I TRUST ("Wilmington"); and BROUGHAM REO OWNER, L.P. ("Brougham") (collectively, "Defendants") in the above-captioned action. I have been one of the attorneys at Blank Rome LLP responsible for handling this action on behalf of Defendants.

2. I make this declaration of my personal knowledge and my review of the litigation file kept in the ordinary course of business, and could and would testify competently hereto. I submit this declaration in support of Defendants' Motion to Dismiss Plaintiff Rilla Huml's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) ("Motion to Dismiss").

3. On March 22, 2022 at 10:00 a.m., I met and conferred with Plaintiff Rilla Huml ("Plaintiff") over the telephone pursuant to L.R. 7-3. The conference lasted approximately 27 minutes.

4. During the conference, I explained to Plaintiff the basis for Defendants' Motion to Dismiss, including *res judicata*, collateral estoppel, and judicial estoppel. I explained to Plaintiff that the Complaint is a repackaged version of the action commenced against Defendants Servis One and Wilmington almost three years ago in the Superior Court for the County of Orange and subsequently removed to this Court (the "Prior Action").

5. First, I explained to Plaintiff that because the factual basis for the Complaint is the same as in the Prior Action, the Complaint is barred by *res*

146035.01269/128563134v.1     2

**DECLARATION OF ALICE M. HODSDEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)**

*judicata* as to Defendant Servis One because this Court previously dismissed the nearly identical Third Amended Complaint ("TAC") in the Prior Action.

6. Second, I explained that the Complaint is also barred by collateral estoppel as to *all* Defendants because the Prior Action and the present Complaint present the same legal issue: whether Plaintiff's 2017 to 2019 Loan reconciliation claims were properly disclosed to the bankruptcy court during Plaintiff's Chapter 13 Bankruptcy opened on January 16, 2018.

7. Third, I explained that the Complaint is barred by judicial estoppel because it is based on facts that were known to Plaintiff prior to the dismissal of her previous Chapter 13 Bankruptcy on May 14, 2019, yet never disclosed during the pendency of the proceedings.

8. Fourth, I explained that the causes of action lack merit and fail as a matter of law.

9. Plaintiff responded that that the Complaint is not based on the same factual basis as in the Prior Action because the allegations are based on correspondence from 2021.

10. I explained to Plaintiff that even though alleged correspondence could have been from 2021, the accounting at issue in the correspondence relate to fees and "payments from Plaintiff in 2017, 2018, and 2019." Compl. ¶¶ 27; 30; 47. Therefore, the underlying factual basis remains the same as in the Prior Action.

11. Plaintiff further responded that the claims could not be barred by collateral estoppel because they have not been previously litigated against Defendants Wilmington and Brougham.

12. I explained to her that collateral estoppel does not require the same parties, what matters is whether the same legal issue is being presented: whether Plaintiff's 2017 to 2019 accounting claims were properly disclosed to the bankruptcy court in Plaintiff's previous Chapter 13 Bankruptcy, which was closed on May 14, 2019.

13. Plaintiff responded that she properly amended her schedule of assets in the previous bankruptcy, and regardless, the new Chapter 13 Bankruptcy discloses the claims.

14. I explained to her that the court in the previous bankruptcy ruled that the amended schedules are of no force or effect. I also explained that the current bankruptcy is an attempt to circumvent the previous bankruptcy court's final order. Plaintiff's disagreed, stating that she has a right to file the current bankruptcy.

15. I asked whether Plaintiff would dismiss any of her claims now that she has a better understanding of Defendants' position. Plaintiff concluded the conference by stating she's "not inclined to dismiss any claims, or resolve any issues."

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 31st day of March, 2022, at Los Angeles, California.

*[signature]*

Alice M. Hodsden

146035.01269/128563134v.1

4

**DECLARATION OF ALICE M. HODSDEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)**

# CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2022, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2022.

By:   /s/AJ Cruickshank