BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Cheryl.Chang@BlankRome.com
Alice M. Hodsden (SBN 340796)
Alice.Hodsden@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants
SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES;
WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEES FOR BROUGHAM FUND I TRUST; and BROUGHAM REO OWNER, L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RILLA HUML, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>BROUGHAM REO OWNER LP, a foreign limited partnership based in NEW YORK county in Delaware; doing business as Prime Asset Fund III, an unknown entity; Prime Capital Advisors, LLC, an unknown entity; SERVIS ONE, INC., a Delaware corporation, authorized to do business in California, doing business as BSI FINANCIAL SERVICES; WILMINGTON SAVZINGS FUND SOCIETY, FSB, a Delaware corporation, doing business, but not authorized to do business, as CHRISTIANA TRUST, in California, as Trustee, for BROUGHAM FUND I | Case No. 8:22-cv-00378-DOC-KES<br><br>*Assigned to the Hon. David O. Carter*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>[*filed concurrently with Declaration of Alice M. Hodsden; Request for Judicial Notice*]<br><br>Date:            May 2. 2022<br>Time:           8:30 a.m.<br>Location:     Courtroom 10A<br><br>Complaint filed:   February 10, 2022<br>Trial Date:             None Set |

158411.01390/128638796v.2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

1  TRUST, an unknow entity; and Does 1
2  through 10.
3              Defendants.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

158411.01390/128638796v.2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. PROCEDURAL HISTORY ................................................................................ 2

III. LEGAL STANDARD ......................................................................................... 3

IV. ARGUMENT ...................................................................................................... 4

    A.    Defendants Removed On the Basis of Diversity Jurisdiction, Not Federal Question Jurisdiction .......................................................... 4

    B.    Plaintiff is a citizen of California. ........................................................ 4

    C.    Defendants are not citizens of California. ........................................... 4

        i.    Servis One is not a citizen of California ..................................... 4

        ii.    Wilmington is not a citizen of California .................................. 5

        iii.    Brougham is not a citizen of California ………………….....6

V. CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrego Abrego v. The Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006) ................................................................................ 4

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................................ 5

*Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. C & W Enterprises, Inc.*,
    298 Fed. Appx. 566 (9th Cir. 2008) ...................................................................... 5

**Statutes**

12 U.S.C. § 1464(x) .................................................................................................. 6

12 U.S.C. § 1813(b)(2) .............................................................................................. 5

28 U.S.C. § 1331 ....................................................................................................... 4

28 U.S.C. § 1332 ................................................................................................... 1, 4

28 U.S.C. § 1441 ................................................................................................... 1, 3

28 U.S.C. § 1446 ....................................................................................................... 1

Defendants SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES ("Servis One"); WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEES FOR BROUGHAM FUND I TRUST ("Wilmington"); and BROUGHAM REO OWNER, L.P. ("Brougham") (collectively, "Defendants") submit this Memorandum of Law in Opposition to the Motion for Remand to State Court Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 (the "Motion") filed by Plaintiff Rilla Huml ("Plaintiff").

## I.   INTRODUCTION

In the Notice of Removal, Defendants satisfied their burden of establishing that this Court has original jurisdiction over the Complaint based on diversity of citizenship under 28 U.S.C. Section 1332(a). Particularly, Plaintiff asserts a Complaint against Defendants, none of whom are citizens of California, in which she expressly disputes an amount exceeding $75,000, exclusive of interest and costs. Doc. 1, Ex. B, Compl., ¶ 91. Nonetheless, Plaintiff seeks to remand the Complaint to the Superior Court for the County of Orange based on lack of original jurisdiction due to an alleged lack of complete diversity between the parties. Plaintiff failed to meet and confer with Defendants' counsel prior to filing the Motion. Declaration of Alice M. Hodsden ("Hodsden Decl."), ¶ 3.

First, to address Plaintiff's allegations of procedural defect regarding service and consent, Defendants properly served Plaintiff with the Notice of Removal on March 10, 2022 by U.S. Mail. Doc. 17; Hodsden Decl., ¶ 4. Also, all Defendants joined in the removal pursuant to 28 U.S.C. Section 1446(b)(2)(A). Contrary to Plaintiff's assertion, there are only three, not five, defendants in this matter. Regardless, if there were another two defendants, they were not served at the time of removal so as to require consent under 28 U.S.C. Section 1446(b)(2)(A).

Second, Plaintiff specifically challenges original jurisdiction based on an alleged lack of complete diversity between Plaintiff and Defendants. The amount

in controversy as exceeding the jurisdictional threshold remains undisputed. The Notice of Removal alleges facts sufficient to establish complete diversity of citizenship by affirmatively alleging the specific state(s) of citizenship of all Defendants, none of whom are citizens of California.

For these reasons, the Court should deny Plaintiff's Motion for Remand.

## II. **PROCEDURAL HISTORY**

Seeking to circumvent this Court's dismissal of her prior action, on February 10, 2022, Plaintiff filed the instant case as a new action in the Orange County Superior Court against Defendants alleging ten state law causes of action: (1) gross negligence; (2) libel; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the California Financing Law; (5) fraudulent misrepresentation; (6) unjust enrichment; (7) violation of the unfair and deceptive trade practices act; (8) fraudulent concealment; (9) void assignment to the deed of trust; and (10) quiet title. Doc. 1, Ex. B.

Also on February 10, Plaintiff filed an *ex parte* application seeking a temporary restraining order ("TRO") to enjoin a pending foreclosure sale, which Defendants immediately opposed because the application was barred by res judicata and collateral estoppel where it raised the same claims that this Court had already dismissed. After considering the opposition brief, as well as hearing oral argument, the Superior Court agreed with Defendants' arguments and denied the TRO. Doc. 26, Ex. 8.

On March 10, 2022, Defendants removed the action to this Court and served Plaintiff with the Notice of Removal. Doc. 1. On March 15, 2022, the case was transferred to the Hon. David O. Carter. Doc. 10. On March 23, 2022, Plaintiff filed an Objection to the Order Transferring the Case to the Hon. David O. Carter. Doc. 16.

On March 30, 2022, Plaintiff filed the Motion for Remand. Doc. 22.

On March 31, 2022, Defendants moved to dismiss Plaintiff's Complaint pursuant to FRCP Rule 12(b)(6) on the basis that the Complaint is a repackaged version of a complaint previously dismissed with prejudice by this Court, and thus an improper attempt to assert claims against Defendants that are barred by res judicata, collateral estoppel, and judicial estoppel.  Doc. 25.

## III. **LEGAL STANDARD**

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.  A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), i.e., if the federal court has federal jurisdiction.

In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332; *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

It is well settled that a federal court should only remand a case to state court if "it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447.  In removing a case to federal court, § 1446(a) requires only that a notice of removal contain "a short and plain statement of the grounds for removal."  If the relevant factual information is later added to the record, however, "it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

## IV. ARGUMENT

### A. Defendants Removed On the Basis of Diversity Jurisdiction, Not Federal Question Jurisdiction

Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The Complaint does not invoke federal question jurisdiction because it does not arise under the Constitution, laws, or treaties of the United States. However, it does invoke diversity jurisdiction. Thus, Plaintiff's legal standard in the Motion regarding federal question and her argument regarding supplemental jurisdiction are irrelevant. Motion, pp. 6-7, 10-11, 16.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

### B. Plaintiff is a citizen of California.

Plaintiff alleges that she resides in Aliso Viejo, California, which is in the County of Orange, at 44 Titian, Aliso Viejo, California 92656. Doc. 1, Ex. B, Compl., Proof of Service. Defendants alleged in the Notice of Removal that Plaintiff is, and was at the time the State Court Action was filed, domiciled in California and thus a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a). Doc. 1, ¶ 9. Corroborating this allegation, Plaintiff states in her Motion that she "is a citizen of the State of California." Motion, p. 12.

### C. Defendants are not citizens of California.

    i. *Servis One is not a citizen of California*

Plaintiff is incorrect in asserting that there is a lack of complete diversity because Servis One holds a California license, operates business offices in California, and has California counsel (that are not parties to this action). Motion, p. 12.

For purposes of diversity jurisdiction, a corporation is a "citizen" both of (1) the state in which it is incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Supreme Court has defined "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). In other words, "it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

Thus, a corporation like Servis One is not a citizen for purposes of diversity jurisdiction simply based on where it holds a state license, has offices that do not constitute the principal place of business, or has counsel. Instead, for purposes of determining diversity jurisdiction, Servis One is a citizen of Delaware, where it is incorporated, and Texas, where is has its principal place of business. RJN, ¶ 1.

          ii.    <u>Wilmington is not a citizen of California</u>

Plaintiff is incorrect in asserting that Wilmington's d/b/a is relevant in determining its citizenship for purposes of diversity jurisdiction. Motion, pp. 4-5. "The designation 'd/b/a' is merely descriptive of a corporation that does business under some other name and does not create a distinct corporate entity." *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. C & W Enterprises, Inc.*, 298 Fed. Appx. 566, 567 (9th Cir. 2008).

Wilmington is a federal savings bank, which is referred to by statute as a federal savings association. 12 U.S.C. § 1813(b)(2) ("The term 'Federal savings association' means any Federal savings association or Federal savings bank. . . ."). The citizenship of a federal savings association is determined by 12 U.S.C. § 1464(x). That statute provides that "[i]n determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office."

Here, Wilmington's home office is located in Delaware. RJN, ¶ 2. For these reasons, for purposes of determining diversity jurisdiction, Wilmington is a citizen of Delaware.

### iii.   *Brougham is not a citizen of California*

Plaintiff does not dispute the citizenship of Brougham. The Supreme Court has stated that, in determining the citizenship of a limited partnership for diversity purposes, courts examine the citizenship of all its "members." *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Courts therefore look at the citizenship of the general partners as well as of all of the limited partners in determining the citizenship of a limited partnership. *Schnabel v. Lui,* 302 F.3d 1023, 1030 n. 3 (9th Cir.2002) ("a partnership is a citizen of every state of which its partners are citizens").

Here, Brougham's two partners are citizens of Delaware. RJN, ¶ 3.

The first partner of Brougham is general partner Brougham REO Owner GP, L.L.C. (the "L.L.C."). *Id.* "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of the L.L.C. is Brougham Fund I Trust (the "Trust"). "The trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899

(9th Cir. 2006). The sole trustee of the Trust is Wilmington, who is a citizen of Delaware. RJN, ¶ 2.

The second partner of Brougham is the Trust, a limited partner, the sole trustee of which is Wilmington, a citizen of Delaware, as explained above. RJN, ¶¶ 2-3.

There are no additional partners or members of Brougham.

Therefore, none of the Defendants are citizens of California, and complete diversity of citizenship exists in this action.

## V. **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion for Remand.

DATED: April 11, 2022              BLANK ROME LLP


By: */s/ Cheryl S. Chang*
Cheryl S. Chang
Alice M. Hodsden
Attorneys for Defendants